```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**AARON MICHAEL STEVENSON,**

                    **Plaintiff,**

      v.                                     CASE NO. 17-3027-SAC-DJW

**JASON HOOPER, et al.,**

                    **Defendants.**

**MEMORANDUM AND ORDER**

    This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff commenced this action while incarcerated in the Douglas County Jail; he proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

    This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

    Because the financial records submitted by the plaintiff reflect

no resources, the Court grants leave to proceed in forma pauperis and does not assess an initial partial filing fee. Plaintiff remains obligated to pay the $350.00 filing fee in installments calculated under 28 U.S.C. § 1915(b)(2).

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id.* However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to

relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff names as defendants the Chief Executive Officer and two employees of KVC.[1] The complaint alleges that in July 2015, KVC violated plaintiff's civil rights by establishing a case plan under which plaintiff could not attend the same church as C.S.[2] Plaintiff alleges this decision was the result of deliberate indifference to his rights under the First and Fourteenth Amendments and discrimination. As relief, he asks the Court to reinstate his parental rights and to award damages.

The federal courts are courts of limited jurisdiction and may exercise jurisdiction only when they are authorized to do so. *Burdett v. Harrah's Kan. Casino Corp.*, 260 F.Supp.2d 1109, 1112 (D.Kan. 2003). "[T]he domestic relations exception…divests the federal courts of power to issue divorce, alimony, and child custody decrees," *Johnson v. Rodriguez (Orozco)*, 226 F.3d 1103, 1111 (10th Cir. 2000)(quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

---

[1] The complaint identifies "KVC" only as the employer of the defendants. For the purpose of screening the complaint, the Court construes it to refer to KVC Behavioral Healthcare, which provides case management, therapy, and other services to children served by the Kansas Department for Children and Families in parts of the State of Kansas. *See* https://kansas.kvc.org.

[2] The Court understands C.S. to be plaintiff's child, although he reports that at the time of the action in question, paternity had not been established (Doc. #1, p.2).

To the extent plaintiff asks the Court to reinstate his parental rights, his claim would require the Court to intrude upon a domestic relations matter that is traditionally resolved in the state courts and is outside the Court's jurisdiction. Therefore, that relief must be denied.

Likewise, the federal courts do not have subject matter jurisdiction to consider claims that essentially are appeals from final judgments entered in the state courts. *See Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006)("if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended.")(citation omitted).

Because it is unclear from the complaint what, if any state court determinations have been made in the state courts concerning C.S. regarding the specific nature of the findings by the defendants, the Court directs plaintiff to supplement the complaint with copies of any available documents concerning the decision giving rise to plaintiff's claim of a violation of his federal civil rights.

### The motion to appoint counsel

Plaintiff also moves for the appointment of counsel. As a party in a civil action, plaintiff is not constitutionally entitled to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). Instead, the decision is left to the sound discretion of the court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The district court should consider the apparent merits of the party's claims, the complexity of the factual issues, and the party's ability to investigate the facts and present the claims. *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Having considered the record, the Court declines to appoint

counsel at this time. At this time, it does not appear that plaintiff's claims are unusually complex or that he is unable to adequately present his claim in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Plaintiff is advised that he remains obligated to pay the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. #6) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including August 17, 2017 to supplement the complaint with copies of any available documents relevant to his claim of a violation of his civil rights.

**IT IS SO ORDERED.**

DATED:  This 17th day of July, 2017, at Kansas City, Kansas.

s/ David J. Waxse

DAVID J. WAXSE
U.S. Magistrate Judge