```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS


AARON MICHAEL STEVENSON,

                      Plaintiff,

         v.                           CASE NO. 17-3027-SAC

KVC BEHAVIORAL HEALTHCARE, INC.,
JASON HOOPER, MEGAN NELSON, and
BRITTANY SMITH,

                      Defendants.
```

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983. The matter comes before the court on the defendants' motion to dismiss for failure to state a claim (Doc. #23). Plaintiff has filed no response. Accordingly, the Court decides this matter as an uncontested motion. *See* D. Kan. R. 7.4(b).

**Background**

KVC is a private, non-profit Kansas corporation licensed by the Kansas Department for Children and Families as a child placing agency. The individual defendants, Hooper, Nelson, and Smith, are employed by KVC.

On November 24, 2014, the State of Kansas filed a petition in the District Court of Franklin County alleging that C.S. required temporary placement outside of his home. After a hearing, the Franklin County District Court adjudicated C.S. to be a Child in Need of Care ("CINC").

On November 3, 2016, the Franklin County District Court terminated the parental rights of plaintiff and the mother of C.S. The appeal by the mother of C.S. was affirmed; the appeal by plaintiff

remains pending in the Kansas Court of Appeals[1].

## Discussion

Defendants seek the dismissal of this matter on several grounds: (1) a lack of subject matter jurisdiction under either the *Younger v. Harris* abstention doctrine or the *Rooker-Feldman* doctrine; (2) a lack of subject matter jurisdiction under the Domestic Relations Exception; and (3) a failure to state a claim for relief.

"As courts of limited jurisdiction, federal courts are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc'y v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n. 3 (10th Cir. 2011)(Gorsuch, J., concurring). This evaluation incudes an inquiry into whether a federal court judgment on a claim presented would interfere with a pending state proceeding. *D. L. v. Unified Sch. Distr. No. 497*, 392 F.3d 1223-1227-28 (10th Cir. 2004).

The abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37 (1971), "dictates that federal courts should not interfere with state court proceedings … when such relief could adequately be sought before the state court." *Reinhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). Such abstention is required when (1) there is an ongoing state judicial proceeding; (2) the state court provides an adequate forum to consider the claims presented in the federal complaint; and (3) the state proceedings involve important state interests, that is, "matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)(quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

---

[1] Case No. 118301, *In the Interest of C.S., a Minor Child.*

Here, the conditions for *Younger* abstention are met. There is an ongoing state court proceeding, the state court provides an adequate forum for plaintiff's claims presented in this complaint, and the state proceedings involve important state interests concerning domestic relations. *See, e.g., Alferez ex rel. Calderon v. Chronister*, 41 F.Supp. 2d 1238, 1240 (D.Kan. 1999)(holding that state's interest in family relations and child welfare required abstention from a case involving pending CINC petition in state court).

The domestic relations exception to federal jurisdiction recognized by the United States Supreme Court likewise supports the conclusion that the Court lacks subject matter jurisdiction to address plaintiff's claims. In *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), the Supreme Court stated that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt*, 504 U.S. at 703.

Finally, defendants argue that plaintiff fails to state a claim for relief against them because (1) they are not state actors, as required by § 1983, but employees of a private, non-profit organization; and (2) the complaint does not contain sufficient allegations that they either acted under color of state law or conspired with state actors to violate plaintiff's rights.

To state a claim for relief under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007)(citation omitted). A

person acts "under color of state law" when he "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988)(citation omitted). Private conduct does not satisfy the element of action taken under color of state law, and no liability under § 1983 exists. *See Brentwood Acad. v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294-96 (2001).

Here, plaintiff's claims against the KVC employees present no more than bare assertions of constitutional violations and no factual basis upon which the Court could find that he plausibly alleges action under color of state law.

## Conclusion

For the reasons set forth, the Court grants defendants' uncontested motion to dismiss.

IT IS, THEREFORE, BY THE COURT ORDERED defendants' joint motion to dismiss (Doc. #23) is granted.

**IT IS SO ORDERED.**

DATED:  This 29th day of December, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge